IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Gregory Vincent Smith, | ) | C/A No.: 3:19-652-JFA-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Christopher D. Phillips; Dexter Handy; Brett Perry; William S. Tetterton, | ) | |
| Defendants. | ) | |

Gregory Vincent Smith ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights related to his arrest and prosecution. This matter comes before the court on Plaintiff's (1) motion to amend the complaint [ECF No. 19] and (2) for joinder of parties [ECF No. 21]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), all pretrial proceedings have been referred to the undersigned.

I. Motion to Amend the Complaint

In his motion to amend, Plaintiff cites to the underlying state court appendix, which is properly not part of the record before this court, and seeks to add legal arguments. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has

been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted). While Plaintiff seeks to add details from the state court appendix, such allegations are more akin to legal argument and would more appropriately be included as support in a response to a motion for summary judgment.

Additionally, Plaintiff's motion to amend contains no proposed amended complaint, but only argument in support of his original complaint. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). For all of these reasons, the undersigned denies Plaintiff's motion to amend as futile.

II. Motion for Joinder of Parties

In his motion for joinder, Plaintiff seeks to add Nichole Barlow as a plaintiff and argues that Barlow's constitutional rights were violated [ECF No. 21]. There is no indication that Barlow seeks to join this case as a litigant. Even if she did, Plaintiff may not represent another individual pro se. *See Meyers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding pro se litigant's right to litigate for himself does not create right to

litigate on behalf of another); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others."). Therefore, Plaintiff's motion for joinder is denied.

    IT IS SO ORDERED.

May 1, 2019                                             Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge