IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Vincent Smith,<br><br>    Plaintiff,<br><br>v.<br><br><br>Christopher D. Phillips, a/k/a Christopher Daniel Phillips; Dexter Handy; Brett Perry; and William S. Tetterton,<br><br>    Defendants. | C/A No. 1:19-cv-652-JFA-SVH<br><br><br><br>**ORDER** |

  Plaintiff, proceeding pro se and in forma pauperis, brought this action alleging violations of his constitutional rights by defendants. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this case was referred to the Magistrate Judge for initial review.

  Motions for summary judgment were filed by Tetterton on January 21, 2020, and by Handy, Perry, and Phillips on January 31, 2020. (ECF Nos. 43, 46). As Plaintiff is proceeding pro se, the court entered orders pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motion and of the need for him to file adequate responses. (ECF Nos. 44, 48). Plaintiff was specifically advised that if he failed to respond adequately, the motions may be granted. On February 24, 2020, the court granted an extension of time until March 16, 2020 for Plaintiff to respond to both motions.

Notwithstanding the specific warning and instructions set forth in the court's Roseboro orders, Plaintiff failed to respond to defendants' motions.

On April 10, 2020, the court ordered Plaintiff to advise by April 24, 2020, whether he wished to continue with the case. (ECF No. 56). On April 27, 2020, Plaintiff requested the court hold this case in abeyance indefinitely, as he had been relocated. The court declined to stay the case indefinitely, but permitted Plaintiff until May 27, 2020, to file a response. Plaintiff filed no response.

After Plaintiff failed to respond, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 61). Within the Report, the Magistrate Judge recommends that this matter be dismissed with prejudice for failure to prosecute. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on June 2, 2020. *Id.* Plaintiff filed objections on June 18. (ECF No. 63). Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Within his objections, Plaintiff states that "he does oppose both motions for summary judgment and he does not wish to abandon this action." (ECF No. 63, p. 1). Plaintiff cites to the ongoing Covid-19 pandemic and a failure of the South Carolina Department of Corrections to transfer necessary legal materials as reasons for his inability to properly respond. However, Plaintiff also requested that this Court "dismiss this action without prejudice." *Id.* at 2.

Although the Magistrate Judge recommends dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b), Plaintiff now appears to request a voluntary dismissal pursuant to Rule 41(a)(2).

Because the Plaintiff represents that he does not wish to abandon these claims, the Court declines to adopt the recommendation that this action be dismissed for failure to prosecute. However, this action will be dismissed upon Plaintiff's request pursuant to Rule 41(a)(2).

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. However, as Plaintiff has indicated he does not wish to abandon this action, this Court declines to adopt the Magistrate Judge's recommendation that this case be dismissed for failure to prosecute. However, this action is dismissed without prejudice pursuant to Rule 41(1)(2), at Plaintiff's request.

IT IS SO ORDERED.

June 22, 2020
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

4